# COMMONWEALTH OF VIRGINIA

## SUMMONS – CIVIL ACTION

RULE 3:5; VA. CODE § 8.01-2

Case No. CL24002967-00

LOUDOUN Circuit Court

18 E MARKET ST/PO BOX 550, LEESBURG 20178-0550

ADDRESS

TO:

VIRGINIA CVS PHARMACY, LLC, CT CORPORATION SYSTEM

4701 COX RD

STE 285

GLEN ALLEN, VA 23060-

The party upon whom this summons and the attached complaint are served is hereby notified that unless within 21 days after such service, response is made by filing in the clerk's office of this court a pleading in writing, in proper legal form, the allegations and charges may be taken as admitted and the court may enter an order, judgment or decree against such party either by default or after hearing evidence.

Appearance in person is not required by this summons.

Done in the name of the Commonwealth of Virginia.

MAY 22, 2024
DATE

CLEMENS, GARY M Clerk

by /S/ WALSH, ANGELA
DEPUTY CLERK

Instructions:

Hearing Official:

FORM CC-1400 MASTER 10/13

# COMMONWEALTH OF VIRGINIA

## SUMMONS – CIVIL ACTION

RULE 3:5; VA. CODE § 8.01-2

Case No. CL24002967-00

LOUDOUN Circuit Court

18 E MARKET ST/PO BOX 550, LEESBURG 20178-0550
ADDRESS

TO:

TARGET STORES, INC., CT CORPORATION SYSTEM
4701 COX RD
STE 285
GLEN ALLEN, VA 23060-

The party upon whom this summons and the attached complaint are served is hereby notified that unless within 21 days after such service, response is made by filing in the clerk's office of this court a pleading in writing, in proper legal form, the allegations and charges may be taken as admitted and the court may enter an order, judgment or decree against such party either by default or after hearing evidence.

Appearance in person is not required by this summons.

Done in the name of the Commonwealth of Virginia.

MAY 22, 2024
DATE

CLEMENS, GARY M Clerk

by /S/ WALSH, ANGELA
DEPUTY CLERK

Instructions:

Hearing Official:

FORM CC-1400 MASTER 10/13

VIRGINIA:

IN THE CIRCUIT COURT FOR LOUDOUN COUNTY

WONZA BELL,

Plaintiff,

v. Case No.:

TARGET CORPORATION,

SERVE:
CT CORPORATION SYSTEM
4701 Cox Rd Ste 285
Glen Allen, VA, 23060

and

TARGET STORES, INC.,

SERVE:
CT CORPORATION SYSTEM
4701 Cox Rd Ste 285
Glen Allen, VA, 23060

and

VIRGINIA CVS PHARMACY, LLC,

SERVE:
CT CORPORATION SYSTEM
4701 Cox Rd Ste 285
Glen Allen, VA, 23060

Defendants.

**COMPLAINT**

Wonza Bell ("Ms. Bell"), by counsel, files this Complaint against Target Corporation ("Target"), Target Stores, Inc. ("TSI"), and Virginia CVS Pharmacy, LLC ("CVS") (collectively

"Defendants") on the grounds and in the amount set forth below:

**THE PARTIES, JURISDICTION, AND VENUE**

1. At all times relevant, Ms. Bell was a resident of the Commonwealth of Virginia.

2. At all times relevant, Ms. Bell was a business invitee of the Defendants.

3. Target is a corporation organized under the laws of the State of Minnesota.

4. Target is the owner of the Target Store located at 46201 Potomac Run Plaza, Sterling, VA 20164.

5. TSI is a corporation organized under the laws of the State of Minnesota.

6. In the alternative, TSI is the owner of the Target Store located at 46201 Potomac Run Plaza, Sterling, VA 20164.

7. CVS is a limited liability company organized under the laws of the Commonwealth of Virginia.

8. CVS owns the CVS Pharmacy within the Target Store located at 46201 Potomac Run Plaza, Sterling, VA 20164.

9. The events giving rise to this cause of action occurred within the confines of Loudoun County, Virginia.

10. This Court has subject matter jurisdiction pursuant to Virginia Code § 17.1-513.

11. This Court has personal jurisdiction pursuant to Virginia Code § 8.01-328.1(A)(3).

12. Venue is proper in this Court pursuant to Virginia Code § 8.01-262.

**FACTUAL BACKGROUND**

13. On May 27, 2022, Ms. Bell visited the Target Store located at 46201 Potomac Run Plaza, Sterling, VA 20164 ("the subject store").

14. Ms. Bell visited the Target Store to purchase a prescription filled at the CVS Pharmacy located within the subject store.

15. Ms. Bell was a business invitee.

16. Ms. Bell purchased her prescription and proceeded to exit the subject store.

17. As Ms. Bell proceeded towards the exit, using reasonable care, she slipped and fell on an invisible slippery substance.

18. Ms. Bell fell near a shopping cart corral.

19. Ms. Bell fell and sustained serious injuries.

20. It had been raining before Ms. Bell entered the subject store.

21. Upon information and belief, the shopping carts tracked water in from the rain.

22. The subject store's video surveillance system recorded Ms. Bell's fall.

23. There was no signage or other warning around Ms. Bell's fall indicating that it was slippery.

**COUNT I – NEGLIGENCE**

24. Defendants had a duty to use reasonable care to maintain the subject store in a safe condition for the use of business invitees, to make the subject store safe for the use of business invitees, to avoid creating a hazardous condition in the subject store, and to warn of any known hazardous condition.

25. Notwithstanding these duties, Defendants, through their agents or employees, were negligent by creating a slip hazard in the subject store, by not making the subject store safe, and by failing to warn Ms. Bell of the slip hazard their employee or agent created.

26. As a direct and proximate result of Defendants' negligence, Ms. Bell suffered serious bodily injuries, physical pain, mental anguish, inconvenience, and may endure the same in

the future and may have sustained permanent injury.

WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, in the amount of ONE MILLION DOLLARS ($1,000,000) in compensatory damages together with interest from May 27, 2022 until paid, costs allowed by law, and such further relief as this Court deems just and proper.

Plaintiff demands a trial by jury as to all issues.

WONZA BELL
By Counsel

FROGALE LAW PLLC

James Frogale

James C. Frogale VSB #79600
Counsel for Plaintiff
5250 Cherokee Avenue, Suite 306
Alexandria, Virginia 22312
P (703) 488-7140
F (703) 810-7670
james@frogalelaw.com

VIRGINIA:

IN THE CIRCUIT COURT FOR THE COUNTY OF LOUDOUN

WONZA BELL,

Plaintiff,

v. Case No. CL24002967-00

TARGET CORPORATION, TARGET STORES, INC., AND VIRGINIA CVS PHARMACY, LLC,

Defendants.

**DEFENDANT VIRGINIA CVS PHARMACY, LLC'S ANSWER**

Defendant Virginia CVS Pharmacy, LLC ("CVS"), by counsel, states as follows for its Answer to Plaintiff's Complaint:

**THE PARTIES, JURISDICTION, AND VENUE**

1. CVS lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 1 of the Complaint.

2. CVS admits the allegations in paragraph 2 of the Complaint.

3. CVS admits the allegations in paragraph 3 of the Complaint.

4. Paragraph 4 of the Complaint states a legal conclusion to which no response is required.

5. CVS admits the allegations in paragraph 5 of the Complaint.

6. Paragraph 6 of the Complaint states a legal conclusion to which no response is required.

7. CVS admits the allegations in paragraph 7 of the Complaint.

8. Paragraph 8 of the Complaint states a legal conclusion to which no response is required.

9. CVS admits the allegations in paragraph 9 of the Complaint.

10. Paragraph 10 of the Complaint states a legal conclusion to which no response is required.

11. Paragraph 11 of the Complaint states a legal conclusion to which no response is required.

12. Paragraph 12 of the Complaint states a legal conclusion to which no response is required.

## FACTUAL BACKGROUND

13. CVS admits the allegations in paragraph 13 of the Complaint.

14. CVS lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 14 of the Complaint.

15. CVS admits the allegations in paragraph 15 of the Complaint.

16. CVS lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 16 of the Complaint.

17. CVS lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 17 of the Complaint and calls for strict proof.

18. CVS lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 18 of the Complaint and calls for strict proof.

19. CVS lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 19 of the Complaint and calls for strict proof.

20. CVS lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 20 of the Complaint and calls for strict proof.

21. CVS lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 21 of the Complaint and calls for strict proof.

22. CVS lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 22 of the Complaint and calls for strict proof.

23. CVS lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 23 of the Complaint and calls for strict proof.

**COUNT I – NEGLIGENCE**

24. Paragraph 24 states a legal conclusion to which no response is required. To the extent a response is required, any allegations in paragraph 24 are denied.

25. CVS denies the allegations in paragraph 25 of the Complaint.

26. CVS denies the allegations in paragraph 26 of the Complaint, except it lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations regarding Plaintiff's claimed injuries and damages of the Complaint and calls for strict proof.

**DEFENSES**

27. CVS denies that it is liable to Plaintiff in any amount, for any cause whatsoever.

28. CVS denies that it committed any act of negligence that was a proximate cause of Plaintiff's alleged injuries or damages.

29. CVS avers that the alleged unsafe condition was open and obvious.

30. CVS denies that it had actual or constructive notice of the alleged hazard.

31. CVS will rely upon the defense of contributory negligence.

32. CVS will rely upon the defense of assumption of the risk.

33. CVS denies that Plaintiff has been damaged in the amount and to the extent alleged.

34. CVS avers that Plaintiff failed to mitigate her damages.

35. Plaintiff's alleged injuries and damages were caused in whole or in part by the actions or omissions of persons other than CVS for whom CVS is not responsible.

36. CVS denies all allegations not expressly admitted herein.

37. CVS will rely upon all proper and provable defenses that may be revealed through investigation, discovery, or presentation of evidence.

WHEREFORE, Defendant Virginia CVS Pharmacy, LLC, by counsel, moves that this action be dismissed and that Plaintiff be ordered to pay costs incurred in the defense of this action.

**A TRIAL BY JURY DEMANDED.**

**TARGET CORPORATION AND**
**TARGET STORES, INC.**

By Counsel

Danielle D. Giroux (VSB No. 45401)
Harman, Claytor, Corrigan & Wellman
1900 Duke Street, Suite 210
Alexandria, Virginia 22314
804-747-5200 - Phone
804-747-6085 - Fax
dgiroux@hccw.com

**CERTIFICATE**

I hereby certify that a true copy of the foregoing was sent by email this 27th day of June 2024 to:

James C. Frogale, Esq.
Frogale Law PLLC
5250 Cherokee Avenue, Suite 306
Alexandria, VA 22312
703-488-7140 - Phone
703-810-7670 - Fax
james@frogalelaw.com

Danielle D. Giroux

VIRGINIA:

IN THE CIRCUIT COURT FOR THE COUNTY OF LOUDOUN

WONZA BELL,

Plaintiff,

v.

Case No. CL24002967-00

TARGET CORPORATION, TARGET STORES, INC., AND VIRGINIA CVS PHARMACY, LLC,

Defendants.

**DEFENDANTS TARGET CORPORATION AND TARGET STORES, INC.'S ANSWER**

Defendants Target Corporation and Target Stores, Inc. states as follows for their Answer to Plaintiff's Complaint:

**THE PARTIES, JURISDICTION, AND VENUE**

1. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 1 of the Complaint.

2. Defendants admit the allegations in paragraph 2 of the Complaint.

3. Defendants admit the allegations in paragraph 3 of the Complaint.

4. Paragraph 4 of the Complaint states a legal conclusion to which no response is required.

5. Defendants admit the allegations in paragraph 5 of the Complaint.

6. Paragraph 6 of the Complaint states a legal conclusion to which no response is required.

7. Defendants admit the allegations in paragraph 7 of the Complaint.

8. Paragraph 8 of the Complaint states a legal conclusion to which no response is required.

9. Defendants admit the allegations in paragraph 9 of the Complaint.

10. Paragraph 10 of the Complaint states a legal conclusion to which no response is required.

11. Paragraph 11 of the Complaint states a legal conclusion to which no response is required.

12. Paragraph 12 of the Complaint states a legal conclusion to which no response is required.

**FACTUAL BACKGROUND**

13. Defendants admit the allegations in paragraph 13 of the Complaint.

14. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 14 of the Complaint.

15. Defendants admit the allegations in paragraph 15 of the Complaint.

16. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 16 of the Complaint.

17. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 17 of the Complaint and call for strict proof.

18. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 18 of the Complaint and call for strict proof.

19. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 19 of the Complaint and call for strict proof.

20. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 20 of the Complaint and call for strict proof.

21. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 21 of the Complaint and call for strict proof.

22. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 22 of the Complaint and call for strict proof.

23. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 23 of the Complaint and call for strict proof.

**COUNT I – NEGLIGENCE**

24. Paragraph 24 states a legal conclusion to which no response is required. To the extent a response is required, any allegations in paragraph 12 are denied.

25. Defendants deny the allegations in paragraph 25 of the Complaint.

26. Defendants deny the allegations in paragraph 26 of the Complaint, except Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations regarding Plaintiff's claimed injuries and damages of the Complaint and call for strict proof.

**DEFENSES**

27. Defendants deny that they are liable to Plaintiff in any amount, for any cause whatsoever.

28. Defendants deny they committed any act of negligence that was a proximate cause of Plaintiff's alleged injuries or damages.

29. Defendants aver that the alleged unsafe condition was open and obvious.

30. Defendants deny that they had actual or constructive notice of the alleged hazard.

31. Defendants will rely upon the defense of contributory negligence.

32. Defendants will rely upon the defense of assumption of the risk.

33. Defendants deny that Plaintiff has been damaged in the amount and to the extent alleged.

34. Defendants aver that Plaintiff failed to mitigate her damages.

35. Plaintiff's alleged injuries and damages were caused in whole or in part by the actions or omissions of persons other than Defendants for whom Defendants are not responsible.

36. Defendants deny all allegations not expressly admitted herein.

37. Defendants will rely upon all proper and provable defenses that may be revealed through investigation, discovery, or presentation of evidence.

WHEREFORE, Defendant Target Corporation and Target Stores, Inc., by counsel, moves that this action be dismissed, and that Plaintiff be ordered to pay costs incurred in the defense of this action.

**A TRIAL BY JURY DEMANDED.**

**TARGET CORPORATION AND TARGET STORES, INC.**

By Counsel

Danielle D. Giroux (VSB No. 45401)
Harman, Claytor, Corrigan & Wellman
1900 Duke Street, Suite 210
Alexandria, Virginia 22314
804-747-5200 - Phone
804-747-6085 - Fax
dgiroux@hccw.com

**CERTIFICATE**

I hereby certify that a true copy of the foregoing was sent by email this 27th day of June 2024 to:

James C. Frogale, Esq.
Frogale Law PLLC
5250 Cherokee Avenue, Suite 306
Alexandria, VA 22312
703-488-7140 - Phone
703-810-7670 - Fax
james@frogalelaw.com

Danielle D. Giroux

VIRGINIA:

IN THE CIRCUIT COURT FOR THE COUNTY OF LOUDOUN

WONZA BELL,

Plaintiff,

v. Case No. CL24002967-00

TARGET CORPORATION, TARGET STORES, INC., AND VIRGINIA CVS PHARMACY, LLC,

Defendants.

**NOTICE OF FILING REMOVAL**

PLEASE TAKE NOTICE that Defendants Target Corporation, Target Stores, Inc., and Virginia CVS Pharmacy, LLC filed with the United States District Court for the Eastern District of Virginia, Alexandria Division, a Notice of Removal of this case to said United States District Court. A copy of that Notice is attached hereto. Pursuant to 28 U.S.C. §1446(d), no further action should be taken in state court unless and until the action is remanded.

**TARGET CORPORATION, TARGET STORES, INC., AND VIRGINIA CVS PHARMACY, LLC**

By Counsel

Danielle D. Giroux (VSB No. 45401)
Harman, Claytor, Corrigan & Wellman
1900 Duke Street, Suite 210
Alexandria, Virginia 22314
804-747-5200 - Phone
804-747-6085 - Fax
dgiroux@hccw.com

**C E R T I F I C A T E**

I hereby certify that a true copy of the foregoing was sent by email this 5th day of July 2024 to:

James C. Frogale, Esq.
Frogale Law PLLC
5250 Cherokee Avenue, Suite 306
Alexandria, VA 22312
703-488-7140 - Phone
703-810-7670 - Fax
james@frogalelaw.com

Danielle D. Giroux